**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shad Daniel Armstrong, | No. CV-15-00358-TUC-RM |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Shad Armstrong's motion for leave to supplement his Petition for Writ of Habeas Corpus pursuant to Federal Rules of Civil Procedure 15(a)(2) and (d). (Doc. 58.) Armstrong is an Arizona death row prisoner. He filed a habeas petition on July 1, 2016. (Doc. 20.) In the pending motion he seeks leave to amend his Petition to include a claim alleging that a jury instruction given during his sentencing proceeding was unconstitutional under the Supreme Court's holding in <u>Simmons v. South Carolina</u>, 512 U.S. 154 (1994). (*See* Docs. 58, 59.) Respondents filed a response in opposition to the requested amendment, and Petitioner filed a reply. (Docs. 61, 63.) For the reasons set forth below, the motion is denied.

## **BACKGROUND**

In March 2000, a Pima County jury convicted Petitioner of murdering, and conspiring to murder, his sister and her fiancé. The trial judge imposed death sentences for each murder. In 2006, following the Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), a jury re-sentenced Petitioner to death for each murder. *State v. Armstrong*, 189 P.3d 378, 383 (Ariz. 2008). The jury was instructed: "If your verdict is

1 that the defendant should be sentenced to life, the defendant will not be sentenced to death, and the Court will sentence the defendant to either life without the possibility of release until 25 calendar years in prison are served or natural life which means the defendant will never be released from prison." RT 11/14/06 at 106.[1] In proposed Claim Nineteen, Petitioner contends that the Arizona Supreme Court, recognizing the Supreme Court's recent decision in *Lynch v. Arizona*, 136 S.Ct. 1818 (2016) (per curium), found this precise instruction to be unconstitutional and seeks amendment of his petition to add this claim. (*See* Doc. 59) (citing *State v. Escalante-Orozco*, 396 P.3d 798, 828–30 (Ariz. Jan. 12, 2017)).

## **APPLICABLE LAW**

**1.** *Motion to Amend*

As a preliminary matter, Petitioner labeled his motion as a request for leave to supplement, although he makes clear that he seeks to amend the petition to add a claim. Petitioner explains he requested leave to supplement so that he might be relieved of this Court's local rule which requires the attachment of the entire proposed amended pleading to a motion to amend. *See* LRCiv 15.1(a). Accordingly, the Court will construe the motion as one to amend.

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules). A court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

Under Rule 15(a), leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Courts must review motions to amend in light of the strong policy permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th

---

[1] "RT" refers to the reporter's transcripts from Petitioner's state court proceedings.

Cir. 1986). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Leave to amend may be denied based upon the futility of amendment alone. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile.

## **DISCUSSION**

Petitioner seeks to supplement his Petition with a new claim that the jury instruction given in his case was unconstitutional. Petitioner asserts the basis for this claim is the Supreme Court's recent decision in *Lynch v. Arizona*, 136 S.Ct. 1818 (2016), as recently recognized by the Arizona Supreme Court in *State v. Escalante-Orozco*, 386 P.3d 798 (Ariz. January 12, 2017). Respondents assert the motion should be denied as futile, because the proposed amendment is untimely. The Court agrees.

Petitioner's habeas petition is subject to a one-year limitations period under § 2244(d)(1). Typically, this period begins running from the date judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). For purposes of this motion Respondents concede that Petitioner is correct in stating this period expired on July 5, 2016. (*See* Doc. 16 at 1; Doc. 61 at 5-6.) Application of this period of limitations to Petitioner's proposed claim, filed on May 24, 2017, results in a finding that the claim is untimely by a period of over ten months.

Petitioner argues that the claim is timely because it was filed less than a year after the Supreme Court issued its decision in *Lynch*. The Court therefore considers whether the Supreme Court's decision in *Lynch*, decided on May 31, 2016, is a triggering event

under any of the possible alternative start dates for the limitations period, including: (1) the date on which a State-created impediment to filing an application is removed; (2) the date on which a constitutional right asserted by petitioner was initially recognized, and made retroactive to cases on collateral review; or (3) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)–(D).

In *Lynch*, 136 S. Ct. 1818, the Supreme Court applied *Simmons v. South Carolina,* 512 U.S. 154 (1994), to a capital sentencing in Arizona. *Simmons* held that when future dangerousness is an issue in a capital sentencing determination, the defendant has a due process right to require that his sentencing jury be informed of his ineligibility for parole. 512 U.S. at 171. The Supreme Court's decision in *Lynch* is not a triggering event under 28 U.S.C. § 2244(d)(1)(C), because it did not announce a new rule, and does not apply retroactively.[2] In *O'Dell v. Netherland*, 521 U.S. 151, 167 (1997), the Supreme Court rejected the argument that *Simmons* represented a watershed rule of criminal procedure that would apply retroactively. Like *Simmons*, *Lynch* is procedural and non-retroactive, and does not serve to initiate a new limitations period for Petitioner's *Simmons* claim. Petitioner lends supports to this conclusion by arguing in proposed Claim Nineteen that "Simmons and its progeny all clearly established prior to Armstrong's re-trial in 2006 that the instruction was unconstitutional." (Doc. 59 at 4.)

Petitioner contends that, under the Supreme Court's holding in *Griffith v. Kentucky*, 479 U.S. 314 (1987), he is entitled to the application of *Simmons*, which was decided several years before Petitioner's conviction became final. In *Griffith*, the Supreme Court held that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with

---

[2] Contrary to Petitioner's assertion, these are not contradictory claims. The Court finds that *Lynch* did not announce a new constitutional rule, but even if the Court were to assume for the sake of argument that *Lynch* did announce a new constitutional rule, it has not been made retroactive to cases on collateral review.

- 4 -

the past." *Id.* at 328. Petitioner's argument, however, strays from the issue presently before the Court. The State does not argue, and the Court does not find, that *Simmons* is inapplicable to Petitioner. The crucial consideration is whether Petitioner's claim is timely. Petitioner cannot rely on the date of the Supreme Court's decision in *Lynch* as an alternative trigger date for the limitations period because *Lynch* does not announce a new constitutional right, and, even if it had, does not apply retroactively.

Petitioner states that "it was not necessarily the legal unavailability but the factual unavailability of Armstrong's claim that was the impediment to raising it during prior state proceedings." (Doc. 63 at 7.) He also asserts, though in the context of his procedural default argument, that his claim was "factually unavailable" until the Arizona Supreme Court's decision in *Escalante-Orozco* because prior state court decisions had held that the jury instruction at issue was correct because release into the community was possible. (*Id.* at 8-9.) The Court construes these assertions liberally as arguments in support of an alternative limitations period start date under either 28 U.S.C. § 2244(d)(1)(B) ("the date on which the impediment to filing an application created by State action in violation of the United States is removed") or (d)(1)(D) ("the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence"), but finds no support for either alternative limitations period in this case.

A "state's determination of its own substantive law in a way that leaves a convict with no meritorious federal claim" does not constitute an "impediment" to filing a habeas petition under § 2244(d)(1)(B), nor is "a change in (or clarification of) state law, by a state court. . . a 'factual predicate'" under § 2244(d)(1)(D). *See Shannon v. Newland*, 410 F.3d 1083, 1087–1088 (9th Cir. 2005). Thus, Petitioner cannot rely on the Arizona Supreme Court's decision in *Escalante-Orozco* as a triggering date under either alternative start date. The reasoning in *Shannon* applies with equal force to Petitioner's suggestion that the decision in *Lynch*—as a change in or clarification of federal law—could qualify as a "factual predicate," because such an interpretation would render the

term "factual" meaningless. *See id.* at 1088. The circumstances under which a state-court decision may serve as a "factual predicate," such as instances in which "the state-court decision in question is a decision in the petitioner's own case," are not present here. *See id.* at 1088 (citing *Johnson v. United States*, 544 U.S. 295 (2005)).

The Court finds the claim untimely under the limitations period described in section 2244(d)(1). Petitioner is permitted to amend his petition now only if the new claim "relates back" to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005). A claim does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* Petitioner does not advance any argument that Claim Nineteen relates to any properly filed and currently pending claim in his petition, and a review of the petition reveals that Petitioner's new claim differs in both time and type from any claim in his petition. (*See* Doc. 20.)

## **CONCLUSION**

Because Petitioner's claim is untimely and does not relate back to a properly filed and currently pending claim, any attempt to amend the habeas petition to include the claim would be futile. Because the Court finds it would be "nothing more than an exercise in futility," to allow amendment of the petition, the Court does not reach the merits or procedural status of the claim, and does not consider the other factors that might justify denial of the motion to amend, such as undue delay, bad faith or dilatory motive, and undue prejudice. *See Bonin*, 59 F.3d at 845.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Accordingly,

**IT IS HEREBY ORDERED** Petitioner's Motion for Leave to Supplement the Petition for Writ of Habeas Corpus (Doc. 58) is **DENIED**.

Dated this 7th day of September, 2017.

_____
Honorable Rosemary Márquez
United States District Judge