WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shad Daniel Armstrong,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-15-00358-TUC-RM<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

Pending before the Court are two motions filed by Petitioner seeking the Court's permission to exceed page limitations found in the District Court's Local Rules and in an order entered in this case. (Docs. 83, 85). Respondents have filed responses to both motions and Petitioner has filed replies. (Docs. 87–90). For the reasons stated below, the motions are granted.

Petitioner has lodged a 32-page memorandum in support of Petitioner's motion for order to show cause why the Federal Public Defender should not be allowed to issue a subpoena *duces tecum* on Virginia Ruth Armstrong and have unimpeded access to Armstrong's relatives. (Doc. 84.) Simultaneously, Petitioner seeks permission to exceed the 17-page limitation found in Local Rule 7.2(e)(1). (Doc. 83.)

Petitioner has also lodged a 76-page memorandum in support of Petitioner's request for evidentiary development (lodged at Doc. 86) and a motion to exceed the 60-page limitation for evidentiary development motions imposed in the case management order ("Order") (Doc. 5). (Doc. 85.)

**DISCUSSION**

I. <u>Motion for Leave to File Motion for Order to Show Cause that Exceeds the Page Limitation (Doc. 83)</u>

Petitioner has alleged that the protections afforded to crime victims under Arizona law prohibited his defense team from directly contacting his mother, adoptive father, and half-sister, resulting in an incomplete mitigation defense. Petitioner further alleges that the State's continued reliance on those laws denies him a vehicle for vindicating his federal constitutional rights. He requests leave to file a motion in excess of the 17-page limitation found in Local Rule 7.2, requesting leave to file an order to show cause why he should not be allowed to issue a subpoena *duces tecum* on his mother, and have unimpeded access to his relatives. Petitioner asserts good cause for the motion is demonstrated by the necessity to address an issue of first impression in federal court under the First, Sixth, Eighth, and Fourteenth Amendments.

Respondents urge the Court to deny Petitioner's motion for leave to file an order to show cause and instruct Petitioner to file an amended motion for evidentiary development that includes this request. Because the motion for leave to file a motion for an order to show cause is currently only lodged before the Court, the Court does not consider whether this motion is the proper procedural vehicle to address Petitioner's request; the Court addresses only Petitioner's request to exceed page limitations in the motion at issue.

Respondents contest Petitioner's assertion that the motion is necessarily lengthier because it involves an issue of first impression in federal court and note that Petitioner has already extensively briefed this issue in his Petition and other filings. The Court disagrees. Although the victim contact issue has been addressed in other cases in this District, the Court finds that none of those cases have required the Court to consider the complex factual issues alleged here: that the victims in the case are also family members who represent a potentially untapped and primary source of mitigation to which Petitioner was denied access by application of state law, and that Petitioner has now been

informed that Petitioner's mother refuses to receive correspondence from Petitioner's defense team during federal habeas proceedings.

Having reviewed the motion to exceed page limitations and the accompanying lodged motion, the response, and the reply, the Court finds Petitioner has demonstrated good cause for filing a motion that exceeds the page limits, and will address Respondents' arguments that the motion for leave to file an order to show cause should be denied when the motion is fully briefed.

II. Motion for Leave to File Motion for Evidentiary Development that Exceeds the Page Limitation (Doc. 85)

According to Petitioner, his Motion for Evidentiary Development exceeds the 60-page limitation imposed by this Court notwithstanding his efforts to excise unnecessary legal argument and to make the summary of each exhibit more concise. Petitioner asserts that the length of the petition, response, and reply, as well as the number of exhibits addressed in the Motion for Evidentiary Development, demonstrate good cause to exceed the page limitation. (Doc. 85.)

Respondents argue that Petitioner has not demonstrated good cause because the length of the Petition and subsequent briefs is irrelevant to the length of his Motion for Evidentiary Development, and further, under *Jones v. Barnes*, 463 U.S. 745, 754 (1983), and *Smith v. Robbins*, 528 U.S. 259, 288 (2000), counsel has a duty to winnow the exhibits and argument to those most likely to warrant relief. (Doc. 87.) The Court disagrees.

Respondents' argument fails to distinguish between the role of appellate counsel and habeas counsel. A habeas petition is the last chance for most capital defendants to present federal challenges to their convictions and sentences. Unlike appellate practice, in which counsel is advised to "winnow" issues and has no constitutional duty to raise every non-frivolous claim, *see Jones,* 463 U.S. at 754, and *Robbins*, 528 U.S. at 288, counsel representing a petitioner in a capital habeas case has a professional obligation to raise all colorable claims. *See* Am. Bar Ass'n Guidelines for the Appointment & Performance of

Def. Counsel in Death Penalty Cases ("ABA Guidelines") 10.15.1(C) (rev. ed. 2003) (directing federal habeas counsel "to litigate all issues, whether or not previously presented, that are arguably meritorious" and "make every professionally appropriate effort to present issues in a manner that will preserve them for subsequent review").

Respondents also fail to support their argument that Petitioner has a duty to "winnow" the number of proffered exhibits. Respondents may of course argue, in response to Petitioner's Motion for Evidentiary Development, that the proffered exhibits are irrelevant or cumulative, but the Court finds no support for Respondents' argument that Petitioner should "winnow" his exhibits to present just the most compelling exhibits in support of his claims.

Finally Respondents argue that the winnowing process and page limitations are especially appropriate in habeas cases under the AEDPA's restrictive review. Respondents' view fails to take into account the procedural exceptions available to petitioners that might allow them to present new evidence and new claims in a federal habeas petition.

Having reviewed the motion to exceed page limitations and the accompanying lodged motion, the response, and the reply, the Court finds Petitioner has demonstrated good cause for filing a motion that exceeds the page limits.

III. Motion for Evidentiary Development (Doc. 86)

Finally, on the Court's own motion, Petitioner's lodged motion for evidentiary development (Doc. 86) shall be construed as a "Notice of a Request for Evidentiary Development."

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to file the motion for order to show cause why the Federal Public Defender should not be allowed to issue a subpoena *duces tecum* on Virginia Ruth Armstrong and have unimpeded access to Armstrong's relatives that exceeds the page limitation of Local Rule 7.2(e)(2) (Doc. 83) is **granted**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to File Motion for Evidentiary Development that Exceeds the Page Limitation (Doc. 85) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is DIRECTED to file Petitioner's proposed motions lodged at Documents 84 and 86 in the Court's electronic docket, and to enter Document 86 as a "Notice of Request for Evidentiary Development" in the Court's electronic docket.

Dated this 4th day of June, 2018.

_____
Honorable Rosemary Márquez
United States District Judge