**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shad Daniel Armstrong,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-15-00358-TUC-RM<br><br>**ORDER**<br><br><u>DEATH-PENALTY CASE</u> |

Pending before the Court is Petitioner Shad Armstrong's motion for a Court order recognizing that the Arizona Victim's Bill of Rights ("VBR") does not apply to these federal habeas proceedings. (Doc. 92.)

Armstrong is an Arizona death-row prisoner convicted of murdering his sister and her fiancé. Under Arizona law, Armstrong's mother and other family members are granted specific procedural and substantive rights as "crime victims" under the VBR. Specifically, the VBR's enacting legislation forbids defendants and defendants' attorneys and agents from directly contacting victims; victim contact may be initiated only through the prosecutor's office. A.R.S. § 13-4433(B). If a defendant requests an interview with a victim, the prosecutor's office is required to promptly inform the victim of both the request and the victim's right to refuse the request. *Id.* The prosecutor is not required to forward to a victim any correspondence from a defendant or the defendant's attorneys or agents. A.R.S. § 13-4433(C).

The Court previously found that the restrictions of the VBR prevented Armstrong's state counsel from discovering documents and information from family members during

Armstrong's trial proceedings. (Doc. 107 at 8.) The Court further found that "there is reason to believe that this information may lead to habeas relief because it may establish prejudice from counsels' ineffectiveness in failing to challenge the VBR, or from the prosecutor's alleged misconduct" via invocation of the VBR. (*Id.* at 8–9.)

In the pending motion, Armstrong alleges that the State has taken the position that the VBR applies to bar his federal habeas counsel from directly contacting his family to obtain relevant documents and information. Armstrong further alleges that the State is using the VBR in these proceedings to deny Armstrong the ability to vindicate his federal constitutional rights. Specifically, Armstrong claims that the VBR impermissibly restricts his and his habeas counsel's constitutional rights because it subjects his counsel to the risk of professional discipline should they attempt to pursue evidence in accordance with their professional duties and the standards of practice in a capital case.

The Court need not address whether application of the VBR in these federal habeas proceedings would constitute a violation of Armstrong's or his counsels' constitutional rights because the Court rejects Respondents' assertion that the VBR, and specifically A.R.S. § 13-4433, applies to these proceedings. Although the Court is cognizant of the role that the traditional notions of comity and federalism play in habeas proceedings, Respondents have failed to show that such notions require application of the VBR as a state rule governing this Court's management and oversight of federal habeas counsel. *Cf. Spencer v. George*, 500 U.S. 960 (1991) (J. Kennedy, concurring in denial of certiorari) ("State rules of evidence have no direct application in federal habeas courts."). The federal Crime Victims' Rights Act ("CVRA"), rather than the VBR, applies to these federal habeas proceedings.

The Court also rejects Respondents' alternative argument that "informally" enforcing the terms of the VBR in these proceedings is consistent with a liberal interpretation of the federal CVRA and is necessary to promote fairness and protect habeas victims' interests. Respondents have not demonstrated how the CVRA's protections are insufficient to fully protect state crime victims during federal habeas proceedings.

Accordingly, the Court does not find good cause to incorporate the VBR or the terms of its implementing legislation, specifically A.R.S. § 13-4433, into the protections already afforded habeas victims under the federal CVRA.

Accordingly,

**IT IS ORDERED** that Armstrong's motion for access to his relatives (Doc. 92) is **granted** to the extent the Court recognizes that A.R.S. § 13-4433 does not apply to these federal habeas proceedings directly or through the adoption of its specific limitations under the federal CVRA.

**IT IS FURTHER ORDERED** that Respondent's oral motion to stay this order for seven days pending the filing of a petition for writ of mandamus is **granted**. Absent any further stay, this Order shall go into effect on **February 22, 2019**.

Dated this 14th day of February, 2019.

_____
Honorable Rosemary Márquez
United States District Judge