WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shad Daniel Armstrong, | No. CV-15-00358-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On February 14, 2019, the Court granted Petitioner Shad Daniel Armstrong's motion for access to his relatives on the grounds that A.R.S. § 13-4433 does not apply to these federal habeas proceedings directly or through the adoption of its specific limitations under the federal Crime Victims' Rights Act ("CVRA"). (Doc. 123.) Pending before the Court is Respondents' motion for reconsideration. (Doc. 126.) As directed by the Court (Doc. 134), Petitioner filed a response on March 8, 2019 (Doc. 141). Crime victims S.A., G.A., L.A., C.J., and J.W. (the "Victims") filed a joinder in Respondents' motion for reconsideration on March 15, 2019. (Doc. 143.)

**I.  Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *See Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty.*

*v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

Pursuant to the Local Rules of Civil Procedure, "[n]o motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv 7.2(g)(1). Motions for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (internal quotation marks omitted). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

## II. Discussion

Respondents' Motion for Reconsideration repeats arguments already considered and rejected by this Court, in violation of Rule 7.2(g)(1) of the Local Rules of Civil Procedure. Although Respondents' violation of Rule 7.2(g)(1) is itself "grounds for denial of the motion," LRCiv 7.2(g)(1), the Court will nevertheless analyze whether Respondents have identified any proper grounds for reconsideration.

Reconsideration is not appropriate based upon newly discovered evidence or an intervening change in law, as Respondents do not identify any new evidence or intervening legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Respondents rely upon the same non-binding District of Arizona cases that they repeatedly relied upon in prior briefs. (*Compare* Doc. 126 at 6-9; *with* Doc. 88 at 3; Doc. 94 at 10; Doc. 119 at 4-5.)[1] The Court previously distinguished those cases, finding that no prior District of Arizona case addressing the victim contact issue presented

---

[1] Although Respondents did not previously cite the July 21, 2015 order in *Chappel v. Ryan*, CV-15-478-PHX-SPL, they certainly could have with reasonable diligence. Furthermore, the February 12, 2019 order in *Bearup v. Ryan*, CV-16-3357-PHX-SPL, could have been brought to this Court's attention prior to the Court's issuance of the order for which Respondents now seek reconsideration.

- 2 -

"the complex factual issues alleged here: that the victims in the case are also family members who represent a potentially untapped and primary source of mitigation to which Petitioner was denied access by application of state law, and that Petitioner has now been informed that Petitioner's mother refuses to receive correspondence from Petitioner's defense team during federal habeas proceedings." (Doc. 91 at 2-3.)

Respondents argue that reconsideration is appropriate because the Court did not address two of Respondents' arguments: that Petitioner's motion fails to present a case or controversy, and that applying the Arizona Victims Bill of Rights ("VBR"), and specifically, A.R.S. § 13-4433, is consistent with the CVRA. To the extent Respondents are contending that the Court overlooked these matters, they are incorrect. The Court specifically rejected the latter argument in its February 14, 2019 order. (*See* Doc. 123 at 2 ("The Court . . . rejects Respondents' . . . argument that 'informally' enforcing the terms of the VBR in these proceedings is consistent with a liberal interpretation of the federal CVRA.").) The Court implicitly rejected the former argument; the Court found that A.R.S. § 13-4433 does not apply to these federal habeas proceedings, and thus it follows that there was no need for Petitioner to attempt to comply with A.R.S. § 13-4433 prior to bringing the victim contact issue before the Court. In any event, Petitioner did comply with the contact requirements of A.R.S. § 13-4433 in attempting to send a letter to Petitioner's mother through the Attorney General's office. (*See* Doc. 119 at 7; Doc. 21-8 at 32.) He also satisfies the Article III "injury-in-fact" standing requirement by alleging an intent to engage in a constitutionally protected course of conduct—asking a victim-relative directly for an interview—that is proscribed by a statute for which violations carry a credible threat of disciplinary action. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 163–65 (2014) (a threat of "administrative action, like arrest or prosecution," is sufficient for Article III standing).

Respondents argue that the Court erred in characterizing the VBR as a mere state procedural rule that could be set aside in federal court. (Doc. 126 at 3.) Again, Respondents are incorrect; in its February 14, 2019 order, the Court specifically recognized

the "procedural and substantive rights" that crime victims are granted under the VBR. (Doc. 123 at 1.) Further, Respondents inaccurately characterize this Court's order as ignoring provisions of the Arizona Constitution, which provides victims the right to refuse an interview, but, notably, does not prohibit defendants or defense counsel from directly contacting victims. *Compare* A.R.S. Const. Art. 2 § 2.1(A)(5) *with* A.R.S. § 13-4433(B) *and* Rule 39, Ariz. R. Crim. P. Only Arizona's implementing legislation and state rules prohibit direct contact with victims; the substantive rights embodied in the state constitution do not. The State also cites no authority for the proposition that a state constitution can affect federal judicial proceedings. Finally, Respondents have not identified any authority, much less any binding authority, holding that A.R.S. § 13-4433 is directly controlling in federal habeas proceedings, nor have they identified any clear error or manifest injustice in the Court's refusal to adopt the specific limitations of A.R.S. § 13-4433 into the protections already afforded habeas victims under the CVRA.[2]

As non-parties, the Victims do not have a right to directly file, or join in Respondents' filing, in this habeas proceeding. While they may assert the rights granted to them under the CVRA, *see* 18 U.S.C. § 3771(b)(2)(B), the Victims' motion does not assert or ask for enforcement of a specific right under the CVRA. Nonetheless, the Court recognizes that it is the Court's duty to ensure victims' rights under the CVRA are protected in this habeas proceeding. 18 U.S.C. § 3771(b)(2)(A). The Court notes that the holding of its February 14, 2019 order does not mean that defense counsel's conduct toward victims in this case is without constraint. The CVRA establishes "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The Court expects all counsel in this case to comply with the protections provided by the CVRA.

. . . .

. . . .

---

[2] None of the cases relied upon by Respondents hold that A.R.S. § 13-4433 directly applies to federal habeas proceedings; in those cases, the court exercised discretion to apply A.R.S. § 13-4433 for purposes of effectuating the CVRA.

### III. Conclusion

Respondents have failed to show that reconsideration is appropriate based on newly discovered evidence, an intervening change in law, clear error, or manifest injustice. *See School Dist. No. 1J*, 5 F.3d at 1263. Accordingly, their Motion for Reconsideration will be denied.

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 126) is **denied**.

Dated this 18th day of March, 2019.

_____
Honorable Rosemary Márquez
United States District Judge